IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Douglas James Pope,                )
    Petitioner,                       )
                            )
v.                                 )                    1:07cv1125 (TSE/TRJ)
                            )
Director of the Department         )
    of Corrections,                  )
    Respondent.                      )

## MEMORANDUM OPINION

Douglas James Pope, a Virginia inmate proceeding pro se, has filed this petition for a writ

of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction in the Circuit Court for

the County of Wythe, Virginia. By Order dated January 2, 2008, respondent was ordered to show

cause within sixty days why the petition should not be granted. On March 3, 2008, respondent filed

a Rule 5 Answer, Motion to Dismiss the petition, memorandum of law in support of that Motion,

and the Notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Civil Rule

7(K). Petitioner was given the opportunity to file responsive materials, and he has filed a response.

For the reasons that follow, the petition must be dismissed.

### I. Background

After a bench trial in the Circuit Court for the County of Wythe, Virginia, petitioner was

convicted on February 14, 2005 of possession or use of a sawed-off shotgun and possession of a

firearm after a felony conviction. Resp. Ex. A, Conviction Order.[1] On April 18, 2005, petitioner

---

[1] It appears from the record that the bench trial in this case was conducted on December 28, 2004, following the denial of petitioner's motion to suppress. Petitioner and counsel were present at the December 28 trial and the trial judge took the case under advisement and allowed counsel to submit written memoranda for consideration. The trial court entered its order of conviction on February 14, 2005. Trans. at 253-57.

was sentenced to ten years imprisonment with four years suspended. Id., Sentencing Order.

Petitioner filed a direct appeal in the Court of Appeals of Virginia, claiming that the trial court erred:

1) by denying his motion to suppress; 2) in finding he possessed a firearm because the evidence was

insufficient to support that finding; and 3) by conducting a proceeding and entering a conviction

order when neither petitioner nor his counsel was given notice and were not present at the hearing.

The Court of Appeals of Virginia denied the petition for appeal, holding that the trial court did not

err in denying the motion to suppress, that the evidence was sufficient to prove that petitioner

possessed a rifle, and that claim 3 was barred from its consideration by Va. Sup. Ct. R. 5A:18. Resp.

Ex. B, Pope v. Commonwealth, R. No 1039-05-3, slip op. (Va. Ct. App. Feb. 21, 2006). Petitioner

sought reconsideration by a three-judge panel of that court, and his request was denied on April 24,

2006. Id., Pope v. Commonwealth, R. No. 1039-05-3, slip order (Va. Ct. App. Apr. 24, 2006). On

October 1, 2006, the Supreme Court of Virginia denied the petition for appeal.   Pope v.

Commonwealth, R. No. 060957, slip order (Va. Oct. 12, 2006).

On or about January 30, 2007, petitioner filed a petition for a writ of habeas corpus in the

Supreme Court of Virginia. Pet. dated Jan. 30, 2007. After review of the petition, the Supreme

Court of Virginia determined that the only claim properly presented in the petition was the claim

articulated in the petition's fourteenth numbered section,[2] which petitioner articulated as follows:

> [Petitioner] ask[s] that the court of appeals reverse the conviction since both state &

---

[2] Petitioner's state habeas petition consists of a pre-printed form with sixteen numbered sections. See Pet. dated Jan. 30, 2007. Section 14 of the petition directs a petitioner to state those grounds that make his detention unlawful and to identify the facts upon which he intends to rely. Sections 13, 15 and 16 of the petition direct a petitioner to provide the state court with information concerning proceedings other that the instant petition. Although petitioner presented arguments in sections 13, 15 and 16 of the petition, the Supreme Court of Virginia determined that the only claims properly presented were those articulated in section 14. See Pope v. Director of the Department of Corrections, R. No. 070253, slip op. at 1 n.1 (Va. June 20, 2007).

2

federal rights of due process & equal protection [,] Va. Const. ART I § 8 [.] [Petitioner] was not present when [he] was convicied [sic][.] [Petitioner] was not made aware of a conviction order [] until sentencing. [Petitioner] was not found guilty in a court of law [;] [petitioner] was in jail[.] [Petitioner's] lawer [sic] was in court in W.Va. / [Petitioner and petitioner's lawyer] found out about this conviction at sentencing.

Pet. dated Jan. 30, 2007 at 4.  On June 20, 2007, the Supreme Court of Virginia determined that petitioner's state habeas claims were defaulted pursuant to that court's decision in Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974).  Pope v. Director of the Dep't of Corrections, R. No. 070253, slip op. (Va. June 20, 2007).

Petitioner filed the instant petition for a writ of habeas corpus on October 26, 2007.  He raises the following claims:

1) Petitioner's rights to due process and equal protection were violated when petitioner was found guilty of felony charges while in continuous custody;

2) Petitioner was denied the effective assistance of counsel when counsel failed :
a) to submit evidence at sentencing or on appeal that petitioner and counsel were not present at the conviction hearing;
b) to obtain and submit evidence after petitioner and a member of petitioner's family directed him to do so;
c) to obtain and submit evidence after the Court of Appeals of Virginia "one-judge panel" would not consider a "miscarriage of justice argument under Virginia Supreme Court Rule 5A:18.

In the memorandum in support of the Motion to Dismiss, respondent argues that petitioner's claims of ineffective assistance of counsel, claims 2(a) through 2(c) are unexhausted and should be treated as simultaneously exhausted and procedurally defaulted.  Additionally, respondent argues that claim 1 is procedurally defaulted and that all claims are barred from this Court's review on the merits. Petitioner has filed a response in opposition.  This matter is ripe for disposition.

## II. Exhaustion and Procedural Default

3

In reviewing a petition brought pursuant to 28 U.S.C. § 2254, a federal court must determine whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are barred by a procedural default. As a general rule, a petitioner must first exhaust his claims in state court because exhaustion is a matter of comity to the state courts; failure to exhaust requires dismissal from federal court so that the petitioner may present his claims to the state courts. See 28 U.S.C. § 2254(b); Granberry v. Greer, 481 U.S. 129, 134 (1987); Rose v. Lundy, 455 U.S. 509, 515-19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition.

This does not end the exhaustion analysis, however, because "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, however, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162).

In this case, petitioner has not exhausted claims 2(a), 2(b) and 2(c), as he did not properly present these claims to the Supreme Court of Virginia on state habeas. Although petitioner did not properly present these claims to the Supreme Court of Virginia, they are nonetheless treated as exhausted because petitioner is now precluded from raising them in state court. Specifically, these

4

claims are procedurally defaulted under Virginia Code § 8.01-654(A)(2) (state habeas petition statute of limitations) and Virginia Code § 8.01-654(B)(2) (state's successive petition statute). Therefore, claims 2(a), 2(b) and 2(c) are simultaneously exhausted and defaulted for the purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

Additionally, a state court's finding of procedural default is entitled to a presumption of correctness, provided two foundational requirements are met. See 28 U.S.C. § 2254(d); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991).

Petitioner properly presented claim 1 to the Supreme Court of Virginia on state habeas. That court, however, found claim 1 procedurally defaulted on the basis of Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974) (holding that a claim is procedurally defaulted if the petitioner could have raised it on direct appeal but did not). The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997).[3]

Where, as here, the requirements of procedural default have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of

---

[3] As noted above, the record reflects that petitioner was present at trial when all the evidence was received. He was not present in the trial judge's chambers when the trial judge reviewed the parties' memoranda and issued his written order of conviction. Petitioner's absence from this event in the judge's chambers presents no due process violation. See Terry v. Cross, 112 F.Supp.2d 543, 551 & n.8 (E.D.Va. 2000) (confirming that a criminal defendant's right to be present is limited to those situations in which his presence would contribute to his opportunity to defend himself against the charges). In addition, it is worth noting that petitioner and his counsel were present in the courtroom for sentencing.

justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

Petitioner does not claim that he is actually innocent of the crimes for which he was convicted, nor is there any suggestion from his pleadings that he is attempting to proffer evidence sufficient to establish his innocence. See Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999). Moreover, petitioner has not established cause sufficient to excuse his default or prejudice resulting therefrom. To the extent that petitioner may be suggesting that his default in this case should be excused because trial counsel rendered ineffective assistance, such a claim only constitutes "cause" where the ineffectiveness is has been properly asserted as an independent claim for relief. Justus v. Murray, 897 F.2d 709, 712-14 (4th Cir. 1990). Petitioner has not properly presented a claim of ineffective assistance of counsel to the Supreme Court of Virginia. As such, any claim of ineffectiveness cannot excuse petitioner's default of the instant claims.

### III. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss the petition must be granted and the instant petition for a writ of habeas corpus will be dismissed with prejudice. An appropriate Order shall issue.

Entered this _____ day of _____ 2008.

T. S. Ellis, III
United States District Judge

Alexandria, Virginia

6